UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**VANESSA HARDING-BEY**
    Plaintiff
v.                                      CASE NO.: 6:20-cv-1110

**PATHWAYS THERAPY SERVICES, LLC**
  A Florida Company
**JASON COMISKEY,** and
**DENISE COMISKEY**
    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **VANESSA HARDING-BEY**, (hereinafter "Plaintiff") by and through her undersigned counsel, hereby sues Defendants, **PATHWAYS THERAPY SERVICES, LLC,** (hereinafter, "PATHWAYS") A Florida Company, **JASON COMISKEY,** and **DENISE COMISKEY** (Collectively, "Defendants") and alleges the following:

1. This is an action by Plaintiff against her former employer pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201, *et seq.*, and for breach of contract. Plaintiff seeks damages for, unpaid minimum wage, liquidated damages, unpaid wages and reasonable attorney fees and costs.

2. The unlawful employment practices and breach of contract alleged below were committed within Brevard County, Florida. This Court has jurisdiction pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1367.

3. At all times material herein, Plaintiff is and has been a resident of Brevard County, Florida.

4. At all times material hereto, Plaintiff was employed by Defendants and was an employee within the meaning of the FLSA, 29 U.S.C. 203(e)(1).

5. At all times material hereto Plaintiff was engaged in commerce or in the production of goods for commerce per 29 U.S.C. § 207(a).

6. At all times material hereto, PATHWAYS is and has been an administratively dissolved Florida company and which conducted business in Brevard County, Florida.

7. Defendants are an employer as defined by the FLSA 29 U.S.C. § 203 because it hired and directed Plaintiff to perform work for its benefit.  At all times material, Defendants have conducted business in the State of Florida**.**  Defendants hire, control, and manage employees in furtherance of its business needs.

8. At all times relevant to this action Defendant, **JASON COMISKEY** owned and operated PATHWAYS. and who regularly exercised the authority to: (a) hire and fire employees of PATHWAYS.; (b) determine the work schedules for the employees of and (c) control the finances and operations of PATHWAYS. By virtue of having regularly exercised that authority on behalf of PATHWAYS., **JASON COMISKEY** is/was an employer as defined by 29 U.S.C. §201, et seq.

9. At all times relevant to this action Defendant, **DENISE COMISKEY** owned and operated PATHWAYS. and who regularly exercised the authority to: (a) hire and fire employees of PATHWAYS.; (b) determine the work schedules for the employees of and (c) control the finances and operations of PATHWAYS. By virtue of having regularly exercised that authority on behalf of PATHWAYS., **DENISE COMISKEY** is/was an employer as defined by 29 U.S.C. §201, et seq.

10. Defendants are engaged in interstate commerce as defined by 29 U.S.C. § 206(a) and 207(a)(1), because it has made over $500,000.00 in gross sales and/or is engaged in commerce with businesses and individuals outside the State of Florida during the time period in which the PLAINTIFF was employed.

11. All conditions precedent to the institution and maintenance of this cause of action have been met or waived.

12. Plaintiff has retained the law firm of Arcadier, Biggie & Wood, PLLC. to represent her interest in this matter and Plaintiff has agreed to pay said firm a reasonable attorney's fee for its services.

## General Allegations

13. Defendants operate an occupational therapy company which provides therapy to people of all ages who have an illness or disability in the central Florida region.
14. Plaintiff worked as an occupational therapy assistant for the Defendants.
15. As part of her duties working for Defendants, Plaintiff would visit patients to perform therapy.
16. Each visit with a patient lasted approximately one (1) hour.
17. Defendants agreed to pay Plaintiff a piece rate of $45.00 per visit.
18. Between April 17, 2020 and May 22, 2020, Plaintiff performed 49 therapy visits as an employee of the Defendants.
19. Plaintiff was not paid for any of those 49 visits.
20. As a result, Plaintiff suffered $2,205.00 in unpaid wages.
21. Further, because of Plaintiff not receiving any pay for the 49 visits, Plaintiff was paid less than the minimum wage for every hour worked.
22. In total, Plaintiff worked approximately 66.75 hours for the Defendant between April 17, 2020 and May 22, 2020.
23. As a result, Plaintiff suffered unpaid minimum wage damages in the amount of $483.94.

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FAIR LABOR STANDARDS ACT UNDER FEDERAL LAW

24. Plaintiff re-alleges and incorporates paragraphs 1 through 23 of this Complaint as set forth in full herein.
25. Defendants violated 29 U.S.C. § 206, the ("Federal minimum wage provision") by failing to compensate the Plaintiff at a rate not less than $7.25 an hour for each hour worked.
26. Specifically, Defendants failed to pay Plaintiff for approximately sixty-six and three quarts (66.75) hours of work.

27. Plaintiff was entitled under FLSA to be paid minimum wages for each hour worked during her employment with Defendants.

28. Defendants' actions were intentional, reckless or malicious.

29. Defendants actions were willful and not in good faith.

30. Defendant did not have a good faith basis for their decision not to pay Plaintiff her unpaid minimum wages.

31. As a direct, foreseeable, and proximate cause of Defendants' actions Plaintiff has been damaged.

**WHEREFORE**, Plaintiff prays for judgment against Defendants for all damages to which she may be entitled, including, but not limited to:

    A.    Unpaid minimum wages found to be due and owing;

    B.    An additional and equal amount of liquidated damages;

    C.    An award of reasonable attorney's fees and all costs incurred herein; and

    D.    All other damages to which Plaintiffs may be entitled

### COUNT II: BREACH OF CONTRACT
### UNPAID WAGE

32. Plaintiff re-alleges and incorporates paragraphs 1 through 23 of this Complaint as set forth in full herein.

33. This is an action for unpaid wages owed to the Plaintiff and attorney's fees and costs are awardable pursuant to Florida Statue 448.08.

34. At all times material hereto, Plaintiff was employed by PATHWAYS.

35. Plaintiff and PATHWAYS entered into an employment agreement wherein Plaintiff would provide services for the benefit of Defendants to which Defendants would compensate Plaintiff.

36. PATHWAYS agreed to compensate Plaintiff a piece rate of $45.00 per visit.

37. Plaintiff is owed for 49 visits which she worked for the Defendants yet remains uncompensated.

38. Plaintiff fully complied with the terms of the parties' agreement by performing her job duties in a professionally competent manner.

39. Defendants breached the agreement by failing to pay Plaintiff her wages owed for her employment.

40. Plaintiff was damaged in the amount of $2,205.00 as a result of wages being withheld by Defendants.

41. Defendant's actions were willful and not in good faith.

**WHEREFORE**, Plaintiff pray for judgment against Defendants for all damages to which they may be entitled, including, but not limited to:

   A. Judgment for the back pay found to be due and owing to the Plaintiff.

   B. Award of reasonable attorney's fees, cost and interest incurred herein; and

   C. Such other relief as this Court deems just and equitable.

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues herein triable by jury.

DATED this 23rd day of June 2020.

**ARCADIER, BIGGIE &WOOD, PLLC.**

*/s/ Joseph C. Wood, Esquire*
Joseph C. Wood, Esquire
Florida Bar No.: 0093839
Maurice Arcadier, Esquire
Florida Bar No.: 0131180
Attorneys for Plaintiff
2815 W. New Haven, Suite 304

Melbourne, Florida 32904
Primary Email: Office@ABWlegal.com
Secondary Email: Wood@ABWlegal.com
Phone: (321) 953-5998
Fax: (321) 953-6075