UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**VANESSA HARDING-BEY,**

      **Plaintiff,**

v.                                                 **Case No: 6:20-cv-1110-ACC-LRH**

**PATHWAYS THERAPY SERVICES, LLC, JASON COMISKEY and DENISE COMISKEY,**

      **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF'S AMENDED MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT AGAINST DEFENDANTS, PATHWAY THERAPY SERVICES, LLC, JASON COMISKEY and DENISE COMISKEY (Doc. No. 23)**
>
> **FILED:** **January 8, 2021**
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

**I.  BACKGROUND.**

This case stems from Plaintiff Vanessa Harding-Bey's ("Plaintiff") employment with Defendant Pathways Therapy Services, LLC ("Pathways"). Doc. No. 1. Pathways provides occupational "therapy to people of all ages who have an illness or disability in the central Florida region." *Id*. ¶ 13. Plaintiff was employed as an occupational therapy assistant, and her duties

included visiting patients for therapy sessions. *Id*. ¶¶ 14–15. Plaintiff alleges that Pathways, along with its owners, Defendants Jason and Denise Comiskey, agreed to pay her a piece rate of $45.00 per therapy session. *Id*. ¶¶ 8–9, 17. Between April 17, 2020 and May 22, 2020, Plaintiff alleges that she performed forty-nine (49) therapy sessions, which translated into approximately 66.75 hours of work. *Id*. ¶¶ 18, 22. Plaintiff alleges that she was not paid for any of these sessions and is owed $2,205.00 in unpaid wages. *Id*. at ¶¶ 19–20. Therefore, Plaintiff has asserted two claims against all three Defendants: (1) failure to pay minimum wages in violation the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206 (Count I); and (2) failure to pay wages pursuant to her employment agreement in violation of Florida common law (Count II). *Id*. ¶¶ 24–41.

Defendants were served with process on June 26, 2020 (Doc. Nos. 12–14), but none of them timely responded to the complaint. As a result, Plaintiff moved for Clerk's default on July 20, 2020 (Doc. No. 17), and the Clerk entered default against each of the Defendants the following day (Doc. Nos. 18–20).

Plaintiff first moved for default judgment against Defendants on August 19, 2020. Doc. No. 21. The undersigned denied the motion without prejudice because Plaintiff: (1) did not present any argument showing how the allegations in the complaint established that Jason and Denise Comiskey were employers under the FLSA; (2) did not show that the allegations in the complaint were sufficient to establish either enterprise or individual coverage under the FLSA; and (3) failed to adequately explain why she was entitled to recover both unpaid minimum wages under the FLSA and unpaid wages under Florida common law. Dec. No. 22. The undersigned provided Plaintiff until January 8, 2021 to either file an amended motion for default judgment or an amended complaint. *Id.*

Plaintiff filed a renewed motion for default judgment on January 8, 2021.  Doc. No. 23. Plaintiff asserts that the allegations in the complaint and the statements in her declaration, which is attached to the motion for default judgment (Doc. No. 23-1), establish that Defendants willfully violated the minimum wage provision of the FLSA and breached the parties' employment agreement.  *Id.*  Plaintiff requests default judgment consisting of $483.94 in minimum wages under the FLSA; $483.94 in liquidated damages pursuant to the FLSA; and $2,205.00 in unpaid wages under Florida common law, to be offset by the $483.94 in minimum wages sought under the FLSA.[1]  *Id*. at 13–14.  Plaintiff also requests leave to file a motion for attorney's fees and costs. *Id*. at 14.  The renewed motion has been referred to the undersigned, and it is ripe for review.

## II.     STANDARD OF REVIEW.

The Federal Rules of Civil Procedure establish a two-step process for obtaining default judgment.  First, when a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the Clerk enters default.  Fed. R. Civ. P. 55(a).  Second, after obtaining a Clerk's default, the plaintiff must move for default judgment.  Fed. R. Civ. P. 55(b). Before entering default judgment, the Court must ensure that it has jurisdiction over the claims and parties, and that that the factual allegations of the complaint, which are assumed to be true, provide

---

[1] Courts in this District have permitted this approach to calculating damages when a plaintiff raises a claim under the FLSA and a claim under Florida common law.  *See, e.g.*, *Copley v. Debt Advisory Grp., Inc*., No. 6:10-cv-263-Orl-19KRS, 2010 WL 11626625, at *2 (M.D. Fla. May 12, 2010) (awarding the plaintiff damages under the FLSA, liquidated damages under the FLSA, and an additional amount under Florida law equal to the difference between the applicable minimum wage and the plaintiff's regular rate of pay under her employment contract with the defendant); *Ramirez v. Raptor Tech. Grp., Inc*., No. 5:12-cv-100-Oc-34TBS, 2012 WL 2589256, at *4 (M.D. Fla. June 8, 2012) (same), *report and recommendation adopted*, 2012 WL 2586220 (M.D. Fla. July 3, 2012).  This methodology comports with the principle that "[p]laintiff is not entitled to recover twice, but only to be made whole."  *Williams v. Marriott Corp.*, 864 F. Supp. 1168, 1175 (M.D. Fla. 1994).

a sufficient legal basis for such entry.  *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.").[2]

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This standard does not require detailed factual allegations, but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Thus, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id*. (quoting *Twombly*, 550 U.S. at 570).  To state a plausible claim for relief, a plaintiff must go beyond merely pleading the "sheer possibility" of unlawful activity by a defendant and offer "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. (citing *Twombly*, 550 U.S. at 556).  This analysis applies equally in the context of motions for default judgment.  *De Lotta v. Dezenzo's Italian Rest., Inc.*, No. 6:08-cv-2033-Orl-22KRS, 2009 WL 4349806, at *5 (M.D. Fla. Nov. 24, 2009) (citations omitted).

In considering a motion for default judgment, a court must "examine the sufficiency of plaintiff's allegations to determine whether plaintiff is entitled to" a default judgment.  *Fid. & Deposit Co. of Md. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).  As a result, a party may not rely on (nor may the Court consider) other evidence or argument outside of the complaint and attachments thereto in determining whether the plaintiff has adequately stated a claim for which relief may be granted.  *See CHCC Co. LLC v. Pilgrim Pipeline Holdings, LLC*, No. 6:16-cv-1954-

---

[2] The Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981.  *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Orl-22DCI, 2017 WL 4216464, at *5 (M.D. Fla. Sept. 22, 2017) ("Plaintiff cannot cure a deficiency in its Complaint through its Motion for Default Judgment."); *Pinnacle Towers LLC v. airPowered, LLC*, No. 5:15-cv-81-Oc-34PRL, 2015 WL 7351397, at *2 (M.D. Fla. Nov. 20, 2015) (finding that the assertion of new facts in motion for default judgment and supporting affidavit was an impermissible attempt to amend the complaint); *Sabili v. Chase Hotel Mgmt., LLC*, No. 6:10-cv-807-Orl-31KRS, 2011 WL 940230, at *3 (M.D. Fla. Feb. 28, 2011) (finding that because certain assertions of fact were in an affidavit attached to motion for default judgment and were not alleged in the complaint, defendant was not deemed to have admitted them by virtue of its default), *report and recommendation adopted*, 2011 WL 940207 (M.D. Fla. Mar. 17, 2011).

## III.    ANALYSIS.[3]

Upon review of the renewed motion for default judgment, Plaintiff has again not shown that the allegations in the complaint establish that she is entitled to default judgment on her claim for unpaid minimum wages under the FLSA.

To establish a claim for unpaid minimum wages under the FLSA, the plaintiff must demonstrate that: (1) the defendant(s) employed her; (2) either (a) she was engaged in interstate commerce (*i.e.*, "individual coverage"), or (b) the defendant is an enterprise engaged in interstate commerce (*i.e.*, "enterprise coverage"); and (3) she was not paid the applicable minimum wage. 29 U.S.C. § 206(a)(1); *see Kwasnik v. Charlee Family Care Servs. of Cent. Fla., Inc.*, No. 6:08-cv-926-Orl-31KRS, 2009 WL 1607809, at *3 (M.D. Fla. June 9, 2009) (citing Eleventh Circuit Pattern Jury Instructions-Civil 1.7.1 (2005)).

---

[3] As a preliminary matter, service, and therefore Clerk's default, as to each of the Defendants appears proper under governing law because each Defendant was served by providing a copy of the summons and complaint to Defendant Jason Comiskey, thus serving him individually, serving Pathways by serving its registered agent, and providing substitute service on his co-resident and wife Denise Comiskey.  *See* Doc. Nos. 12–14; Fla. Stat. §§ 48.031, 48.062.

"Individual coverage" under the FLSA applies where the individual's employment has the employee (1) engaged in commerce, or (2) engaged in the production of goods for commerce. *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006) (citing 29 U.S.C. § 207(a)(1)). For an employee to demonstrate that he or she was "engaged in commerce" for purposes of individual coverage, he or she must:

> be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, *e.g.*, transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, *e.g.*, regular and recurrent use of interstate telephone, telegraph, mails, or travel.

*Id.* (citing 29 C.F.R. §§ 776.23(d)(2), 776.24).

In the complaint, Plaintiff alleges the following as it relates to individual coverage:

> 5. At all times material hereto Plaintiff was engaged in commerce or in the production of goods for commerce per 29 U.S.C. § 207(a).

Doc. No. 1 ¶ 5.

Without more, this sole allegation is insufficient to demonstrate individual coverage under the FLSA, particularly where none of the factual allegations in the complaint demonstrate that Plaintiff was "engaged in commerce" for purposes of the FLSA. *See, e.g.*, *De Lotta*, 2009 WL 4349806, at *3 (finding allegation that Plaintiff "was engaged in interstate commerce during his employment with Defendants" insufficient to establish individual coverage under the FLSA for purposes of default judgment); *Gonzalez v. Go Relax Travel, LLC*, No. 6:09-cv-573-ORL-28KRS, 2010 WL 11506953, at *3 (M.D. Fla. Nov. 3, 2010) (allegation that plaintiffs were "engaged in commerce" as defined in the FLSA insufficient to establish individual coverage), *report and recommendation adopted*, 2010 WL 11506954 (M.D. Fla. Nov. 29, 2010).

In any event, in the motion for default judgment, Plaintiff asserts that she is proceeding solely under the theory of enterprise coverage. Doc. No. 23, at 10. "Enterprise coverage" applies where

the employer has "employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person," and at least $500,000 of "annual gross volume of sales made or business done." *Polycarpe v. E & S Landscaping Serv., Inc.*, 616 F.3d 1217, 1220 (11th Cir. 2010) (quoting 29 U.S.C. § 203(s)(1)(A)).

"District courts cannot presume for enterprise coverage either that the employer was involved in interstate commerce or that the employer grosses over $500,000 annually." *De Lotta*, 2009 WL 4349806, at *2 (citing *Sandoval v. Fla. Paradise Lawn Maint., Inc.*, 303 F. App'x 802, 805 (11th Cir. 2008) ("[I]t is clear from the language of the statute that, for enterprise coverage under the FLSA to apply, the enterprise must be engaged in commerce under the statute *and* must gross over $500,000 annually.")). While "[a] plaintiff need not do much to plead individual or enterprise coverage, [she] must, at least, *allege* specific facts concerning the nature of the plaintiff's work and whether the work involved a connection to interstate commerce." *Sims v. UNATION, LLC*, 292 F. Supp. 3d 1286, 1292 (M.D. Fla. 2018) (internal quotation marks omitted and emphasis added) (citing *DeJean v. HLM Protective Serv., Inc.*, No. 17-61291-Civ-Scola, 2017 WL 4876298, at *2 (S.D. Fla. Oct. 27, 2017)).

In the complaint, Plaintiff alleges the following with respect to enterprise coverage:

10. Defendants are engaged in interstate commerce as defined by 29 U.S.C. § 206(a) and 207(a)(1), because it has made over $500,000.00 in gross sales and/or is engaged in commerce with business and individuals outside the State of Florida during the time period in which the PLAINTIFF was employed.

Doc. No. 1 ¶ 10. This is the only allegation in the complaint regarding enterprise coverage. And, as the undersigned explained to Plaintiff previously, that allegation, along with the other allegations in the complaint, particularly those indicating that Defendants' business and Plaintiff's work were limited to Central Florida (Doc. No. 1 ¶¶ 7, 13), and that Defendants provided therapy services (Doc.

No. 1 ¶ 13), are insufficient to show that Defendants were engaged in interstate commerce and, therefore, insufficient to establish enterprise coverage. *See* Doc. No. 22 at 6–7 (citing *Cloer v. Green Mountain Specialties Corp.*, No. 6:18-cv-999-Orl-40KRS, 2019 WL 568358, at *1 (M.D. Fla. Jan. 2, 2019); *Dennie v. Palm K9 & Security Servs., Inc.*, No. 6:19-cv-1227-Orl-37LRH, Doc. 29 at 4–5 (M.D. Fla. Jan. 13, 2020))); *see also Harden v. Asset Maint. & Prop. Servs., Inc.*, No. 3:11-cv-202-J-37JBT, 2011 WL 4596125, at *4 (M.D. Fla. Oct. 3, 2011) (finding similar conclusory allegations of enterprise coverage insufficient to support default judgment).[4]

However, Plaintiff now attempts to provide the detail lacking from the complaint through her declaration, in which she states the following in support of enterprise coverage:

> 5. The Company accepts Medicare, FHHS, out-of-network Aetna, Tricare, Blue Cross Blue Shield insurance.
>
> 6. The Company also sells medical products, including compression garments and equipment. The Company website list products from JOBST USA, a North Carolina company, which is a subsidiary of the Swedish company, Essity. The JOBST USA products that the company sells travel through interstate commerce and are sold to patients of the company in furtherance of their therapy sessions.
>
> 10. As part of my services provided to patients, I would utilize Kinesio tape. This medical tape is a proprietary tape which helps reduce Lymphedema and is manufactured by a New Mexico Company. If a patient required compression socks, such as JOBST USA products listed on the Company website, or any other medical products I would direct them to speak with Denise, who would facilitate a sale of the products.
>
> 11. One of the items sold was a Lymphedema kit, which included the basic supplies needed by a Lymphedema patient, including padding, bandages, foam, cotton,

---

[4] Notably, for enterprise coverage to apply, the defendant must have two or more persons in its employ engaged in commerce or the production of goods for commerce, or handling, selling, or otherwise working on goods/materials moved in or produced for commerce. 29 U.S.C. § 203(s)(1)(A)(i). In the complaint, Plaintiff does not allege that Defendants had more than herself in their employ, or that any such other employees were engaged in commerce or the production of goods for commerce. *See Donald v. Park & Fly LLC*, No. 3:10-cv-00041-J-34MCR, 2011 WL 13295391, at *3 (M.D. Fla. Feb. 7, 2011) (FLSA complaint insufficient to support default judgment where complaint did not allege whether the defendant had two or more employees, and if so, whether two or more employees were engaged in FLSA-qualifying activities). Plaintiff's intermittent references to "employees" is insufficient.

>  and tape.   I believe that these products traveled through interstate commerce and
>  I would then use them my patients during their therapy sessions.

Doc. No. 23-1 ¶¶ 5–6, 10–11; *see also* Doc. No. 23, at 11 (discussing declaration in support of her argument that Defendants engaged in interstate commerce).  Even if these statements were sufficient to show that Defendants were engaged in interstate commerce (something the undersigned does not address at this time), the Court cannot rely on them to reach that conclusion.  As discussed above, the Court cannot rely on such evidence when determining whether Plaintiff is entitled to judgment on her FLSA claim because such evidence is not accepted as true for purposes of default judgment, and Plaintiff's reliance on her declaration is not enough to correct her failure to sufficiently allege enterprise coverage *in the complaint*.  *See Gonzalez*, 2010 WL 11506953, at *3 (deficient allegations of enterprise coverage in complaint could not be remedied by affidavit submitted in support of motion for default judgment), *report and recommendation adopted*, 2010 WL 11506954 (M.D. Fla. Nov. 29, 2010); *Sabili*, 2011 WL 940230, at *3 (same), *report and recommendation adopted*, 2011 WL 940207 (M.D. Fla. Mar. 17, 2011); *Donald v. Park & Fly LLC*, No. 3:10-cv-00041-J-34MCR, 2011 WL 13295391, at *4 (M.D. Fla. Feb. 7, 2011) (same). Consequently, Plaintiff has not shown she is entitled to default judgment on her claim for unpaid minimum wages under the FLSA.  *See GMAC Comm. Mortg. Corp. v. Maitland Hotel Assocs., Ltd.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) ("A default judgment cannot stand on a complaint that fails to state a claim.").[5]

Nonetheless, given that it appears that Plaintiff may be able to rectify the deficiencies in her

---

[5] Plaintiff's inability to show liability under the FLSA not only affects her ability to obtain default judgment on that claim, but also undermines the Court's subject matter jurisdiction over this case, which is predicated on the Plaintiff's sole federal claim.  Specifically, while it is not clear whether the parties are completely diverse, *see* Doc. No. 1 ¶¶ 3, 6–9, it is clear that the amount in controversy does not exceed $75,000.00, *see* Doc. No. 23 at 14 (requesting $2,688.94 in damages); *see* 28 U.S.C. § 1332(a).

complaint by amendment, and that Plaintiff has not yet amended the complaint in this case nor have Defendants appeared, the undersigned will respectfully recommend that Plaintiff be permitted leave to amend the complaint, within a time established by the Court. *See* Fed. R. Civ. P. 15(a)(1)(B); *see also Amadi v. ACE Homecare LLC*, No. 8:17-cv-2191-T-02JSS, 2018 WL 6493110, at *2 (M.D. Fla. Nov. 20, 2018) (citations omitted) ("When a motion for default judgment is denied due to deficiencies in the complaint, dismissal of that complaint is warranted because any future motion for default judgment would be based on a deficient complaint. . . . Courts in the Middle District of Florida, however, have provided leave to amend the complaint in such situations."); *report and recommendation adopted by* 2019 WL 6465296 (M.D. Fla. Dec. 10, 2018).[6]  Alternatively, of course, Plaintiff may pursue her wage claims in state court.

**IV.   RECOMMENDATION.**

Based on the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's Amended Motion for Entry of Default Final Judgment Against Defendants (Doc. No. 23) be **DENIED** and that the complaint (Doc. No. 1) be **DISMISSED without prejudice**.  It is further **RECOMMENDED** that the Court permit Plaintiff to file an amended complaint, within a time established by the Court, and require Plaintiff to serve the amended complaint on Defendants, and to file proof of service thereof, within a time established by the Court.  *See De Lotta*, 2009 WL 4349806, at *3.

---

[6] The undersigned notes that Plaintiff also appears to rely on her declaration to support the allegations that Jason and Denise Comiskey were employers under the FLSA and should be held jointly and severally liable for any damages awarded in this case.  Doc. No. 23, at 8–10 (citing Doc. No. 23-1)).  Unlike her allegation regarding enterprise coverage, however, Plaintiff's allegations in the complaint regarding Jason and Denise Comiskey's status as employers are more detailed, listing the reasons why they are employers under the FLSA.  Doc. No. 1 ¶¶ 8–9.  That said, based on the recommendation that Plaintiff be permitted leave to file an amended complaint, Plaintiff should consider incorporating the statements in her declaration that provide more clarity about Jason and Denise Comiskey's roles at Pathways.

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on April 20, 2021.

*[signature]*

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party