UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**VANESSA HARDING-BEY,**

      **Plaintiff,**

v.	Case No. 6:20-cv-1110-ACC-LRH

**PATHWAYS THERAPY SERVICES, LLC, JASON COMISKEY and DENISE COMISKEY,**

      **Defendants.**

## ORDER OF DISMISSAL

The Court has been advised by Magistrate Judge Irick following a settlement conference with the parties that the above-styled action has been settled. (*See* Doc. 60).

On June 23, 2020, Plaintiff Vanessa Harding-Bey filed a complaint against her former employers, Defendants Pathways Therapy Services, LLC, Jason Comiskey And Denise Comiskey, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 216(b) (the "FLSA"). (Doc. 1). Following amendment of her original Complaint, Plaintiff alleges in her Amended Complaint that Defendants did not pay her for 49 therapy visits, or approximately 66.75 hours, she worked as a Certified Occupational Therapy Assistant between April 17, 2020 and May 22, 2020. (Doc. 26). Plaintiff asserted claims for failure to pay minimum wage under FLSA and a supplemental claim for breach of the employment agreement, seeking $483.94

for unpaid minimum wage (plus an equal amount in liquidated damages) or, alternatively, $2,205 in unpaid wages under the contract. (*Id.* ¶¶ 29-32). On July 13, 2021, the *pro se* individual Defendants filed an Answer denying Plaintiff's claims; they filed an Amended Answer on July 26, 2021. (Docs. 35, 43). The Clerk entered default against their company, Defendant Pathways Therapy Services, LLC, on August 18, 2021. (Doc. 48).

On October 20, 2021, the Court referred the case to Magistrate Judge Irick to conduct a settlement conference with the parties before filing of a case management report. (Doc. 53). On December 7, 2021, Judge Irick held the settlement conference, at which the parties reached a settlement of Plaintiff's FLSA and breach of contract claims.[1] (Doc. 60).

Judge Irick then conducted an evidentiary hearing following the settlement conference, finding the parties' FLSA Agreement is a "fair and reasonable" resolution of a bona fide dispute as required under *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350 (11th Cir. 1982). (*Id.*). Judge Irick determined that the settlement amount to Plaintiff is "fair and reasonable" in that it included full payment of the FLSA wages and liquidated damages sought; thus, there was no compromise of the FLSA claim.[2] The parties consented to Judge Irick

---

[1] The two *pro se* Defendants are also the principals of the defaulted Defendant limited liability company and they agreed to the settlement on behalf of Pathways Therapy Services as well as the claims against them individually. Their liability under the settlement agreement is joint and several against all three Defendants.

[2] Because there was no compromise, it was unnecessary to review the amount of any

considering their *ore tenus* motion to approve the settlement as agreed, which he did on the record. (*Id.*).

Accordingly, pursuant to Local Rule 3.09(b) M.D.Fla., it is

**ORDERED AND ADJUDGED** that this cause is hereby **DISMISSED** without prejudice and subject to the right of the parties, within sixty (60) days of the date of this order, to submit a stipulated form of final order or judgment should they so choose **or** for any party to move to reopen the action, *upon good cause shown*. After that 60-day period, however, dismissal shall be with prejudice.  Any pending motions are **denied** as moot and the Clerk is **directed** to close the file.

**DONE** and **ORDERED** at Orlando, Florida on December 8, 2021.

_____
ANNE C. CONWAY
United States District Judge

**COPIES FURNISHED TO:**
Counsel of Record

---

attorney's fees. *See Jarvis v. City Elec. Supply Co.*, No. 6:11-cv-1590-Orl-22DAB, 2012 WL 933057, at *6 (M.D. Fla. Mar. 5, 2012) ("[O]nce the parties have agreed that Plaintiff will receive every penny he is entitled to under the FLSA and that compensation will not be diluted by attorneys' fees or costs or other such provisions, the Court's review responsibilities under *Lynn's Food* are done.") ,*report and recommendation adopted*, 2012 WL 933023 (M.D. Fla. Mar. 20, 2012).